IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS

| | |
|---|---|
| JIMMY BETHEA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11-51 |
| | ) |
| MERCHANTS COMMERCIAL BANK, et al., | ) |
| Defendants. | ) |

AMBROSE, U.S. Senior District Judge

## OPINION AND ORDER OF COURT

I. Synopsis

Defendants Tom Bolt ("Bolt") and BoltNagi, PC ("BoltNagi") seek dismissal of three counts of Plaintiff Jimmy Bethea's ("Bethea") Second Amended Verified Complaint ("Complaint"): (i) Count VI-Defamation, (ii) Count VII-Tortious Interference with Contracts, and (iii) Count VIII-Violations Pursuant to the Civil Rights Act of the U.S. Virgin Islands. *See* Def.'s Mot. to Dismiss, ECF No. [139]. Defendants filed a memorandum in support of their motion. Def. Mem. in Support of Mot. to Dismiss, ECF No. [140]. Plaintiff submitted a brief in opposition. *See* Pl.'s Opp'n to Motion to Dismiss, ECF No. [181]. As the parties are familiar with the alleged facts and procedural background, I will refer to them only in my analysis.[1] After careful consideration of the parties' submissions, and for the reasons set forth below, the Motion is granted in part and denied in part.

---

[1] The factual background of this case is set forth more fully in my Opinion and Order, ECF No. [91], dated October 13, 2011.

II. Count VI—Defamation

As I stated in my Opinion and Order granting dismissal of the defamation count in Plaintiff's First Complaint (ECF No. [1]), in order to state a claim for defamation under Virgin Islands law, a plaintiff must plead: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of 'special harm' or the existence of 'special harm' caused by the publication." *Illaraza v. HOVENSA LLC*, 2010 WL 2342424, at *4 (D.V.I. June 7, 2010). In order to survive a motion to dismiss, the Plaintiff must also provide "some details about the asserted defamatory statements, including the names of the publisher and the person or persons to whom it was published, dates when the statements were made and the specific content of the defamatory statements." *Id.* at *3.

At this stage in the proceedings, I find that Plaintiff's allegations are adequate to state a claim for defamation. Accordingly, I deny Defendants' motion to dismiss as to this count.

First, I am satisfied that Plaintiff amended his defamation pleading with sufficient specificity to enable the Defendants to answer the Complaint. Plaintiff's Second Amended Complaint roughly provides (i) when the alleged statements were made (identified by the month and year), (ii) where the alleged statements were made (at Board meetings and in a September 2009 email sent by Bolt), and (iii) the content of the alleged statements (e.g., Bolt, on his own and on behalf of BoltNagi, allegedly told Board members that "Plaintiff did not know what he was doing [on loan matters], Plaintiff was not following recognized and accepted banking practices, Plaintiff was responsible for loan failures, Plaintiff failed to properly document loans, Plaintiff was being improperly conservative on his position on loan approvals and similar statements"). Pl.'s Second Am. Compl., ECF No. [116], ¶¶ 70-71 & 99.

2

Defendants further argue that even if I find Plaintiff has pled with specificity, the defamation count still should be dismissed because the content of the alleged statements is not defamatory, but mere criticism or personal opinion. Def.'s Mem. 6-8. The Virgin Islands follows the Restatement (Second) of Torts concerning expressions of opinion: "A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion." § 566; *see McDowell v. Paiewonsky*, 769 F.2d 942, 946 at n.2 (3d Cir. 1985); *Rohn & Carpenter, LLC v. Cameron*, 2011 WL 3687626 at *4 (D.V.I. 2011) (unpublished opinion); *Callender v. Nichtern*, 1995 WL 409028 at *3 (Terr. V.I. 1995). If one's opinion is based on his own statements of false and defamatory facts, his factual statements are actionable but his opinions are not. *See* Restatement (Second) of Torts § 566 cmt. c (1977). One also is not liable for derogatory opinions based on one's own non-defamatory statements of fact or defamatory factual statements that are true. *Id.* Only where an opinion *implies* that it is based on undisclosed facts, regardless of their truthfulness or defamatory nature, is an expression of a derogatory opinion actionable. *Id.* "It is the function of the court to determine whether an expression of opinion is capable of bearing a defamatory meaning because it may reasonably be understood to imply the assertion of undisclosed facts that justify the expressed opinion about the plaintiff or his conduct." *Id.*

Here, Defendants argue that because Bolt's statements were based on disclosed facts, his statements are not actionable. Def.'s Mem., ECF No. [140], 7-8. However, I find it premature to rule as a matter of law that Defendant Bolt's statements constituted non-actionable opinions. First, at this stage, it is unclear whether the facts underlying Bolt's opinions were disclosed to the recipients of the communication. Second, accepting as true Plaintiff's allegations that Bolt

3

"intentionally gave wrong factual information" as the basis for his opinion in order to "impugn Plaintiff," *see* Pl.'s Opp'n., ECF No. [181], 12, such false and defamatory statements are actionable even though the opinion is not.

Defendants next argue that even if Bolt's statements were defamatory, Bolt did not defame Plaintiff in the community. Def.'s Mem., ECF No. [140], 8-9. A statement is defamatory if "it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Greene v. V.I. Water and Power Auth.*, No. 1:06-cv-11, 2001 WL 3032466, at *10 (D.V.I. July 22, 2011) (quoting Restatement (Second) of Torts § 559). However, "[a] disparaging remark that tends to harm someone in his business or profession is actionable irrespective of harm as such a remark falls within the definition of slander or defamation per se." *Illaraza v. Hovensa, L.L.C.*, Nos. 2008-cv-59 & 2007-cv-125, 2010 WL 3069482, at *4 (D.V.I. July 30, 2010) (citing *VECC Inc. v. Bank of Nova Scotia*, 296 F. Supp. 2d 617, 623 (D.V.I. 2003)). "When peculiar skill or ability is necessary, an imputation that attributes a lack of skill or ability tends to harm the other in his business or profession." Restatement (Second) of Torts § 573 cmt. c. Therefore, an imputation that one is incompetent or negligent in the practice of his profession is actionable. *Id.* Similarly, disparaging words that "'affect the plaintiff in some way that is peculiarly harmful to one engaged in his trade or profession'" are actionable per se. *Wilson v. V.I. Water and Power Auth.*, No. 07-cv-00024, 2010 WL 5088138, at *6 (D.V.I. Dec. 7, 2010) (quoting Restatement (Second) of Torts § 573 cmt. e).

Here, Plaintiff asserts that Bolt repeatedly told the MCB Board that Plaintiff was incompetent and negligent in performing his duties. *See* Complaint, ECF No. [116] ¶¶ 70-71 & 99 (e.g., Bolt told the Board that Plaintiff did not follow recognized and accepted banking

practices, was responsible for loan failures, and failed to properly document loans). Such statements would tend to harm Plaintiff in a professional capacity because they reflect negatively on his integrity and capacity to perform the duties associated with his position as a loan executive; therefore, I find Plaintiff's allegations are sufficient to proceed on a claim of defamation per se.

For all of the foregoing reasons, Defendants' motion to dismiss Plaintiff's defamation claim is denied.

III. Count VII—Tortious Interference with Plaintiff's Prospective Contractual Agreements

To state a claim for tortious interference with contractual relations under Virgin Islands law, a plaintiff must plead: (1) a contractual relationship between plaintiff and a third party; (2) the defendant knew about the contract; (3) the defendant intentionally and improperly interfered with the contract; (4) the interference was the proximate cause of one party to the contract failing to perform; (5) the defendant intended to harm the plaintiff by interfering with the contract; and (6) the non-performance resulted in harm to the plaintiff. *See Gov't Guar. Fund of Rep. of Finland (Skopbank) v. Hyatt Corp.*, 955 F. Supp. 441, 452 (D.V.I. 1997).

On October 13, 2011, I dismissed Plaintiff's tortious interference with contractual relations claim because he had failed to make any specific allegation how the various individual Defendants interfered with Plaintiff's contractual relationship with his employer, MCB. Op. and Order, ECF No. [91], 14-15. Specifically, I found that the only potentially viable contract alleged between Plaintiff and MCB (and thus subject to a tortious interference claim) is the Whistleblower Policy. *Id.* I dismissed any such claim as it related to an alleged employment contract between Plaintiff and MCB because I found that the policies set forth in the Employee Handbook and the language of Plaintiff's Offer Letter did *not* constitute an employment contract.

Op. and Order, ECF No. [91], 14-15. In fact, Plaintiff's claim for breach of employment agreement was denied *with prejudice*. *Id.* at 15. Despite this ruling, Plaintiff's Second Amended Verified Complaint includes a count alleging MCB breached an employment agreement with Plaintiff,[2] Complaint, ECF No. [116], ¶¶ 120-122, and the briefs from both sides as to tortious interference focus primarily on the parties' actions and intent with regard to Defendants' alleged interference with an employment contract between Plaintiff and MCB.[3] Nevertheless, as I explained in my October 13, 2011 opinion, I find that Plaintiff did not have an employment contract with MCB. *See* Op. and Order, ECF [91], 14-15. Accordingly, to the extent that Plaintiff's tortious interference with contract claim relates to allegations of an employment contract with MCB, it is dismissed with prejudice.[4]

With regard to Plaintiff's allegations that Defendants interfered with Plaintiff's contract with MCB as outlined in MCB's Whistleblower Policy, I find that Plaintiff's amendments to the Complaint state such a claim.[5] Complaint, ECF No. [116], ¶¶ 30-34, 60, 71, 121, & 133.[6] While "the actions of an attorney who is acting to protect the legal interests of his client are privileged

---

[2] Plaintiff contends that his amended breach of contract claim, based on MCB's written offer of employment to Plaintiff, dated November 18, 2005, "is separate from the Employee Handbook, which the Court ruled did not constitute an employment agreement." Pl.'s Opp'n, ECF No. [181], 15, n.3. He makes no mention of my previous ruling as to the language of the Offer Letter, which I specifically addressed, stating: "[G]iven Plaintiff's repeated acknowledgment in writing that he had 'no express or implied employment contract with the Bank,' he may not now argue that the language of the Offer Letter constitutes a contract of employment." Op. and Order, ECF No. [91], 15.
[3] In their brief in support of their Motion to Dismiss, Defendants argue that "Plaintiff fails to make any specific allegation on how the Attorney Defendants interfered with Plaintiff's *MCB employment contract*." Def.'s Mem., ECF No. [140], 9 (emphasis added). In his brief in opposition, Plaintiff argues that "Defendants Bolt and BoltNagi interfered with Plaintiff's *employment contract* with MCB." Pl.'s Opp'n, ECF [181], 15 (emphasis added).
[4] Count II of Plaintiff's Second Amended Verified Complaint is also dismissed with prejudice. *See Aggrey-Kweggyirr Arunga v. AIPAC*, No. 93-24, 1993 WL 294074, at *2 (E.D. Pa. Dec. 17, 1997) (dismissing claims *sua sponte* against defendant who did not join in motion to dismiss); *see also Lehman v. Legg Mason, Inc.*, 532 F. Supp. 2d 726 (M.D. Pa. 2007) (dismissing count as to remaining defendants although they did not argue the point where the validity of the claim was clearly lacking and plaintiff had notice and the opportunity to be heard). MCB remains a defendant with respect to all other counts alleged against it in the Second Amended Verified Complaint.
[5] Defendants have not challenged whether the Whistleblower Policy is an implied contract capable of being interfered with; therefore, within the context of this motion to dismiss, I will accept Plaintiff's contention that the Whistleblower Policy may be a contract between Plaintiff and MCB. *See also* Op. and Order, ECF No. [91], 16.
[6] Plaintiff alleges additional facts in support of his claim against Defendants at paragraphs 60 and 61 of the Complaint; however, it is unclear when these acts occurred. To the extent that these allegations occurred after the Board's approval of the Whistleblower Policy, they may support Plaintiff's tortious interference claim, as well.

for purposes of a claim for tortious interference with contractual relations," in this case, Plaintiff alleges that Defendants acted individually and as agents for MCB. *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, No. 01-cv-5810, 2002 WL 376923, at * 6 (E.D. Pa. Feb. 28, 2002), *rev'd in part*, 337 F.3d 297 (3d Cir. 2003) (tortious interference claim not appealed). Therefore, I find that whether such a privilege exists is a factual dispute not appropriately resolved within the context of a motion to dismiss. *Diamond v. Reynolds*, No. 84-280, 1986 WL 15374 (D. Del. Jan. 13, 1986).

Additionally, I disagree with Defendants that Plaintiff's amended allegations fail to show "malice." While "malice" is requisite for liability for a tortious interference claim, a showing of mere "intentional interference without justification" is sufficient. Restatement (Second) of Torts § 766 cmt. s. In this case, Plaintiff alleges that Bolt "harassed and embarrassed" Plaintiff in Board meetings and accused Plaintiff of being responsible for problems with loans that caused the FDIC to downgrade the Bank. Complaint, ECF No. [116], ¶¶ 71 & 121. Plaintiff contends Bolt acted this way to retaliate against Plaintiff for not wanting to use BoltNagi's legal services and because Plaintiff viewed BoltNagi as an unacceptable credit risk, thus requiring BoltNagi to put up additional collateral for a loan. *Id.* at ¶¶ 36-37. Accordingly, Defendant's motion to dismiss Plaintiff's tortious interference claim relating to the Whistleblower Policy is denied.

IV. Count VIII—Civil Rights Act of the U.S. Virgin Islands

I previously dismissed, with prejudice, Plaintiff's claim relating to Title 24 of the Virgin Islands Code. Op. and Order, ECF No. [91], 18-19. Further, Plaintiff's Second Amended Verified Complaint fails to allege an applicable Chapter under Title 24 upon which he bases his claim. Consequently, to the extent that Plaintiff's claim relates to Title 24, it remains dismissed with prejudice.

Plaintiff also alleges violations of his civil rights under Chapter 1 of the Virgin Islands Code (the Virgin Islands Civil Rights Act). Section 3(b) of Chapter 1 provides that:

> No person, being the owner, proprietor, superintendent, manager, agent, or employee of any publicly licensed business or any other business or industrial establishment, shall directly, indirectly or by subterfuge, deny employment in or at such business to any applicant therefor, or engage in or permit any discrimination or differential in pay or working conditions for workers doing the same work, on account of race, creed, color, or national origin, subject only to the conditions and limitations established by law and applicable in like manner to all persons.

10 V.I.C. § 3(b).

In his Complaint, Plaintiff alleges that Defendants were agents of MCB. Complaint, ECF No. [116], ¶¶ 4 & 138 (stating Bolt was the Bank's agent because (i) he served as the Bank's general counsel through his firm, BoltNagi, and (ii) he was a non-voting member of the Board of Directors, the Board's Compensation Committee, the Board's Executive Committee, and a member of the Board's Business Development Committee). Plaintiff claims that Bolt had input on Plaintiff's compensation. *Id.* Plaintiff alleges that because Bolt (i) repeatedly called Plaintiff "boy" in an exaggerated Southern tone, and (ii) served in a non-voting capacity on a committee that received employee performance reviews (the Compensation Committee), Bolt "directly impacted Plaintiff's employment" such that "[w]hite, female or younger employees were given more favorable treatment, were not discharged as Plaintiff was, were given disparate pay increases and bonus compensation, and disparate distribution of flexible work arrangements." *Id.* and Pl.'s Opp'n, ECF No. [181], 18. At this stage in the proceedings, I find these allegations sufficient to proceed on a civil rights claim against Defendants pursuant to Title 10, Chapter 1 of the Virgin Islands Code.

8

V. Conclusion

Based on the foregoing, Defendants' motion is GRANTED IN PART, and DENIED IN PART, as detailed above and in the accompanying ORDER.

Dated: August 15, 2012

BY THE COURT:

*Donetta W. Ambrose*
Donetta W. Ambrose
Senior U.S. District Judge

# ORDER

Having carefully considered Defendants' Bolt and BoltNagi's Motion to Dismiss, it is hereby ORDERED that:

(1) Defendants' Motion to Dismiss Count VI of the Second Amended Verified Complaint is DENIED;

(2) Defendants' Motion to Dismiss Count VII of the Second Amended Verified Complaint is DENIED with respect to Plaintiff's claim relating to tortious contractual interference with MCB's Whistleblower Policy; GRANTED with prejudice as to Plaintiff's claim of interference with an employment contract between Plaintiff and Merchants Commercial Bank;

(3) Defendants' Motion to Dismiss VIII of the Second Amended Verified Complaint relating to Title 24 of the Virgin Islands Code is GRANTED with prejudice; as Plaintiff's claim relates to Title 10, Chapter 1 of the Virgin Islands Code, Defendants' Motion is DENIED.

It is further ORDERED that Count II of Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE as to Merchants Commercial Bank.

Dated: August 14, 2012

BY THE COURT:

*Donetta J. Ambrose*
Donetta W. Ambrose
Senior U.S. District Judge