IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS

| | |
|---|---|
| JIMMY BETHEA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Civil Action No. 11-51 |
| ) | |
| MERCHANTS COMMERCIAL BANK, ) | |
| et al., ) | |
| Defendants. ) | |

AMBROSE, U.S. Senior District Judge

## OPINION AND ORDER OF COURT

Plaintiff filed a motion to quash Defendant Merchants Commercial Bank's ("MCB") Notice of Intent to Serve Subpoena as to Ms. Cynthia Tinsley, claiming the subpoena requires disclosure of material privileged under the work product doctrine.[1] ECF No. [354]. Plaintiff's attorney, Lee J. Rohn, Esq., also filed an affirmation in support of the motion. *Id.* at Exhibit 1. Defendant filed a memorandum in opposition at ECF No. [356]. Because MCB issued a second notice of intent to serve subpoena for deposition and documents directed to Ms. Tinsley (ECF No. [390], Exhibit A) before the Court could rule,[2] Plaintiff filed another motion at ECF No. [394], identical to his motion at ECF No. [354]. Since the parties already had briefed the issue, I

---

[1] Although Plaintiff fails to identify the subpoena he wishes to quash by docket number nor did he attach it as an exhibit, it is clear from Defendant's responsive memorandum in opposition that Plaintiff seeks to quash the subpoena issued by MCB on June 12, 2012 and docketed on the District of the Virgin Islands' electronic document filing system at ECF No. [284]. Def.'s Opp'n, ECF No. [356], 1 & Exhibit 1.

[2] MCB's second notice acknowledges that the responsive documents for its subpoena are the subject of a pending motion to quash before this court and claims that the second notice was issued "to confirm Ms. Tinsley's attendance at deposition on a date agreed to by the parties." ECF No. [390], 1. The deposition is scheduled for December 11, 2012 at 9:30 a.m. in Washington, DC. *Id.*

1

required no further response from Defendant. Having carefully reviewed the position of both parties, I deny Plaintiff's motions because he requests relief from the wrong court.

As Defendant points out in its opposition memorandum, a motion to quash or modify a subpoena must be directed to the *issuing court*.[3] See Federal Rule of Civil Procedure 45(c)(3). Neither the first subpoena issued to Ms. Tinsley on June 8, 2012, nor the second one issued on September 26, 2012, was issued by this Court. Both subpoenas were issued in United States District Court for the District of Columbia. ECF No. [90], Exhibit A & ECF No. [284], Exhibit A. Accordingly, Plaintiff must direct his motions to quash the notice of intent to serve subpoenas at ECF Nos. [284] and [390] to the District Court for the District of Columbia.

For the foregoing reason, Plaintiff's motions at ECF Nos. [354] & [394] are DENIED.

It is so Ordered.
Dated: October 31, 2012

BY THE COURT:

Donetta W. Ambrose
Senior Judge, U.S. District Court

---

[3] This is true regardless of whether the issuing court will be required versus permitted to quash or modify the subpoena. *See* F. R. Civ. P. 45(c)(3)(A) ("When Required. On timely motion, *the issuing court* must quash or modify a subpoena that . . .") (emphasis added) & (B) ("When Permitted. To protect a person subject to or affected by a subpoena, *the issuing court* may . . .") (emphasis added).