IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS

| | |
|---|---|
| JIMMY BETHEA, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 11-51 |
| MERCHANTS COMMERCIAL BANK, et al., | ) ) ) |
| Defendants. | ) |

AMBROSE, U.S. Senior District Judge

## OPINION AND ORDER OF COURT

Before the Court is Plaintiff Jimmy Bethea's motion to compel Defendant Merchants Commercial Bank ("MCB") to supplement its responses to written discovery. Pl.'s Mot., ECF No. [311]. Defendant MCB filed a memorandum in opposition to Plaintiff's motion. Def.'s Mem., ECF No. [323]. Plaintiff filed a reply (ECF No. [359]) and Defendant submitted a sur-reply (ECF No. [368]). After a careful review of the parties' submissions, I enter the following Order:

1. Plaintiff's motion to compel with respect to Interrogatory No. 25 is DENIED.

2. Plaintiff's motion to compel as to the following demands for production of documents is DENIED: 3, 4, 26, 30, 37, & 43. Plaintiff is entitled to production of the documents relating to the loans that he is accused of mismanaging. The other loan documents that Plaintiff requests are not relevant to his claims against Defendant.

1

Accordingly, Plaintiff's motion to compel as to Demand No. 39 is GRANTED. Defendant must produce the loan file in its entirety.

3. Plaintiff's motion to compel documents corresponding to Demand No. 28 is DENIED. The documents Plaintiff seeks are privileged under federal law and exempt from disclosure without the written consent of the FDIC. *See* Letter from G. Michael Saran, Deputy Regional Counsel, FDIC to Lee J. Rohn, Esq., Counsel for Jimmy Bethea (Sep. 18, 2012) (ECF No. [383]).

4. Plaintiff's motion to compel documents as to Demand No. 45 is GRANTED IN PART AND DENIED IN PART. To the extent that it has not already done so, Defendant must produce any and all documents and communications concerning criticisms and/or complaints of James Crites' job performance. While MCB asserts that "the Board of Directors did not complete any evaluations of Mr. Crites," if others at MCB reviewed Mr. Crites' job performance, those documents must be produced. Defendants are *not* compelled to produce any documents that are contained in FDIC reports. *See* supra at No. 3. All documents responsive to Demand No. 45 must be produced on or before November 7, 2012.

5. The Court will conduct an *in camera* review with regard to Plaintiff's request for production at Demand No. 17 to determine if the documents are privileged. "Plaintiff agrees that the invoices should be limited to those identifying Bolt's billings." Pl.'s Reply, ECF No. [359], 4. Defendants are Ordered to provide the invoices to the Court for review on or before November 7, 2012.

6. Plaintiff's motion to compel document production in response to the following Demands is DENIED as moot: 54 (Defendant provided its audited financial reports to

2

Plaintiff on August 8, 2012. *See* Def.'s Sur-Reply, ECF No. [368], 4; Notice of Service of Eleventh Supplemental Resp. to Pl.'s Demand for Production of Doc., ECF No. [357]); 55 (Defendant asserts that it already produced the personnel file for the individual hired as a Loan Officer upon Plaintiff's termination. *See* Def.'s Opp'n, ECF No. [323], 20-21); Third Demand No. 4 (Defendant already supplemented its response to this demand and stated that "no such reports exist." Def.'s Opp'n, ECF No. [323], 25 & Exhibit 7; *see also* Notice of Service of Merchants Commercial Bank's Second Supplemental Resp. to Pl.'s Third Request for Production of Doc., ECF No. [294]).

7. Plaintiff's motion to compel documents responsive to Third Demand Nos. 1, 2, and 3 is DENIED.

AND ON this 31ˣ day of October, 2012, it is so Ordered.

BY THE COURT:

*Donetta J. Ambrose*
Donetta W. Ambrose
Senior Judge, U.S. District Court