IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS

JIMMY BETHEA, )
)
          Plaintiff, )
)
)
)
          v. )   Civil Action No. 11-51
)
MERCHANTS COMMERCIAL BANK, )
et al., )
          Defendants. )
)

AMBROSE, U.S. Senior District Judge

### OPINION
### AND
### ORDER OF COURT

    Pending before the Court is Plaintiff Jimmy Bethea's motion to compel Defendant Merchants Commercial Bank ("MCB") to produce unredacted versions of documents listed in its privilege log, dated June 19, 2012. Pl.'s Mot., ECF No. [310]. Defendant MCB submitted a brief in opposition (ECF No. [324]), and Plaintiff submitted a reply (ECF No. [352]). After reviewing the submissions of both parties, it is clear to me that contrary to Rule 37 of the Local Rules of Civil Procedure of the District Court of the Virgin Islands and this Court's Order date June 19, 2012, the parties failed to meet and confer on the issues in dispute prior to Plaintiff filing his Motion to Compel.[1] As a result, Plaintiff failed to file a "narrowly construed" motion,

---

[1] On June 19, 2012, this Court set a briefing schedule for Plaintiff's Motion to Compel but ordered the parties to meet and confer again so that Plaintiff could file a "narrowly construed" motion. Minute Order, ECF No. [290]. In its brief, Defendant's attorney states that the parties did not confer. ECF No. [324], 2 & 12 (filing no LRCi 37.1 certification and stating "Plaintiff has chosen not to confer in any meaningful manner about these issues."). Plaintiff's attorney provided a certification pursuant to Local Rule 37, but did not indicate that the parties met again after the Court's order.

as ordered by the Court.[2] In order to streamline the issues, I will address Plaintiff's motion according to the categories he identified in his more succinct reply brief. After careful consideration and for the reasons set forth below, the motion is GRANTED IN PART AND DENIED IN PART.

    I.    The Identity of the Borrowers[3]

        A. To Discover Race / National Origin

In this employment discrimination case, Plaintiff maintains, *inter alia*, that Defendant terminated him in violation of its Whistleblower Policy for reporting that MCB discriminated in granting loans on the basis of race and national origin. Plaintiff seeks to obtain the race of the borrowers and applicants of all referenced MCB loans in order to establish MCB's alleged disparate treatment of loan applicants. *See* Pl.'s Reply, ECF. No. 352, 1. MCB maintains that none of the disputed redactions include information about race[4] and argues that the identity of the borrowers is not relevant. Because Plaintiff does not need to establish disparate treatment by MCB in order to show that MCB breached its Whistleblower Agreement with Plaintiff, Plaintiff's motion to compel regarding the identity of the borrowers to identify applicants' race, is denied.

        B. Regarding Loans Defendant Claims Plaintiff Mismanaged

Plaintiff seeks the identity and details of any loans that MCB claims Plaintiff mismanaged, contributing to MCB's decision to terminate him. ECF No. [310], 2. MCB

---

[2] This is especially surprising given that the Court granted Plaintiff's request for a time extension to file his motion.
[3] Plaintiff requested borrowers' identities for the following Bates numbers: 207-219, 221-229, 463, 558-65, 857-66, 870-76, 878, 883-90, 892-93, 895-96, 897-98, 900, 902, 904, 906-07, 909-10, 912-23, 914, 915-16, 917-19, 921-22, 923, 924-25, 926, 927-928, 929-931, 932-934, 936, 937-938, 940-41, 944-46, 947, 949, 952-53, 954-55, 956057, 958, 960-61, 962-63, 964-65, 966-967, 969-71, 973-75.
[4] Plaintiff believes that Defendant is able to discern the race of all applicants because employee Ideta Prince testified in her deposition that she could "review the names of the clients who were declined and determine what percentage [were persons of color]." Ideta Prince Dep. 27:1-5. As to loans that MCB claims Bethea improperly managed, causing his termination, MCB has turned over those loan documents in unredacted form.

maintains that it "did not and could not base its decision to terminate Mr. Betea's [sic] employment on each and every loan . . . [but as] to [the specific loans that MCB contends were improperly managed by Mr. Bethea], MCB has turned over the loan agreements and related security documents, and the portions of the minutes of MCB's Loan Committee and Board of Directors meetings . . . in unredacted form." ECF No. [324], 3. Accordingly, MCB redacted identifying information on all other loans produced during Plaintiff's tenure. *Id.*

To the extent that the identifying information Plaintiff requests pertains to loans *not* cited by MCB as ones mismanaged by Plaintiff and contributing to his termination, Plaintiff's motion is DENIED. However, Plaintiff is entitled to the identifying information redacted on any loan for which MCB questioned his competence. Therefore, MCB must produce the information redacted at MCB Bates No. 207 because MCB found the quality of Plaintiff's underwriting on those loan proposals "unacceptable." If the insufficient underwriting for these loans (the loans referenced in MCB Bates No. 207) is discussed in the other emails or documents, MCB must produce those documents in unredacted form, as well. Consequently, Defendant must review the redactions at Bates No. 207-219 and 221-229 to assess whether production is required to comply with this Order. *See* Pl.'s Mot., ECF No. 310 (asserting these documents contain criticisms of Plaintiff's performance on certain loans). MCB states that it has produced all identifying information for the loans specifically cited in Plaintiff's termination letter (e.g., the Oceanside Village, JFOV, St. John Equity Partners, and Actium loans). Def.'s Br., ECF No. [324], 3. Nevertheless, if any redacted identifying information pertains to these named loans, it must be produced. All other identifying information may remain redacted, as it is not relevant to Plaintiff's cause of action.

II.     Communications by or to Counsel

Because the Court has federal question jurisdiction over this case, I must apply federal privilege law. Fed. R. Evid. § 501; *HPD Laboratories, Inc. v. Clorox Co.*, 202 F.R.D. 410 (D.N.J. 2001) (citing *WM. T. Thompson Co. v. Gen. Nutrition Corp., Inc.*, 671 F.2d 100, 103 (3d Cir. 1982)). Under federal law, the attorney client privilege applies where:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury Investigation*, 599 F.2d 1224, 1233 (3d Cir. 1979) (quoting *United States v. United Shoe Machinery Corp.*, 89 F. Supp. 357, 358-59 (D. Mass. 1950)). Documents may be protected from disclosure in discovery because they contain confidential communications that are privileged. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981). However, the privilege "does not protect disclosure of the underlying facts by those who communicated with the attorney." *Id.*

For the following documents, it is clear that the information MCB redacted is protected by the attorney-client privilege: 879,[5] 925, 944-945, 971, 973, 999, 1006, 1032, 1037, 1045, 1063, 1177-1178, 1211-1212, 1230-31, 1237, and 1255. Accordingly, Plaintiff's motion as to these documents is DENIED. The Court will review the following documents *in camera* to assess MCB's claim of attorney-client privilege: 1001, 1015, 1167, 1172, 1249, 1254, 1270,

---

[5] For example, the Minutes from an August 19, 2008 meeting of the MCB Loan Committee state: "The Committee reviewed the legal opinion submitted by Attorney Bolt. Mr. Bethea shared that management's intention would be to [redaction]." Bolt did not participate in this meeting. In instances such as this, I am satisfied with Defendant's representation that the redactions conceal privileged communications; therefore, an *in camera* review of such documents is unnecessary.

4

1275, 1282, 1454. Defendant must send these documents to my Chambers in their unredacted form on or before November 7, 2012.

   III.   Communications regarding FDIC Examinations

Plaintiff is not entitled to the redacted FDIC information he seeks and his motion as to these documents is DENIED.[6] FDIC Reports of Examination, and any information contained therein, are privileged under federal law (in accordance with Part 309 of the FDIC's Rules and Regulations) and exempt from disclosure without the written consent of the FDIC. *See* Letter from G. Michael Saran, Deputy Regional Counsel, FDIC to Lee J. Rohn, Esq., Counsel for Jimmy Bethea (Sep. 18, 2012) (ECF No. [383]). While the FDIC allows for the discretionary disclosure of certain exempt records under limited circumstances, the FDIC is the holder of the privilege and may authorize disclosure to a requesting party only upon "a substantial showing of good cause." *Id.*; *see also* 12 C.F.R. § 309.6. Here, Plaintiff already has requested from the FDIC copies of its 2006-2012 Reports of Examination regarding MCB. *Id.* It is now up to the FDIC to decide whether production of these non-public records and information is warranted. Accordingly, I DENY Plaintiff's motion to compel redacted FDIC information.

   IV.   Information showing bank growth and profitability

Plaintiff seeks to compel Defendant to produce unredacted copies of meeting minutes wherein MCB's monthly financial information is discussed.[7] ECF No. [310], 5. In his reply, Plaintiff broadens his request to include "the annual financial reports with balance sheet, income statement and management discussion as well as the monthly loan portfolio statistics prepared by

---

[6] Plaintiff requested information contained in the following Bates numbers: 895-96, 932-33, 981-86, 1009, 1050, 1100, 1101, 1102, 1116, 1277-78.

[7] In relation to its Motion to Compel MCB's redacted financial information, Plaintiff requests production of the following MCB Bates numbers: 989, 993-94, 1001-1002, 1008-1009, 1017, 1018, 1024-1025, 1030-1032, 1046-1047, 1049, 1053-1054, 1058-1060, 1065-1067, 1072-1073, 1076, 1078-1080, 1087, 1089-1090, 1092-941097, 1100, 1107, 1170-1171, 1175, 1186-1187, 1202-1203, 1208, 1214-1215, 1218-1219, 1221, 1227-1228, 1235-1234, 1237-1238, 1244-1245, 1249, 1253-1254, 1259-1260, 1264, & 1270. The Court renders no opinion as to the document at 1101 due to no redaction.

5

Plaintiff, the loan pricing matrix, and the review of construction loans." Pl.'s Reply, ECF No. [352], 4. Plaintiff further requests unredacted copies of all MCB financial statements, as provided to shareholders, as well as MCB's stock ledger, retroactive to 2006. *Id.* Plaintiff argues he is entitled to these later documents because they are available to all shareholders. *Id.*

Prior to the extended briefing deadline on Plaintiff's related motion seeking production of MCB's financial records (ECF No. [311]), Defendant supplemented its response and produced its audited financial reports. Notice of Service of Eleventh Supplemental Resp. to Pl.'s Demand for Production of Doc., ECF No. [357] (filed Aug. 8, 2012).[8] Despite this supplemental production, Plaintiff seeks additional financial information that he believes is redacted from the meeting minutes concerning "loan pricing matrix, loan portfolio statistics, and review of construction loans." Pl.'s Reply, ECF No. [359], 5; Defendant objects. Def.'s Sur-Reply, ECF No. [368], 4-5. Defendant contends that it has turned over enough "information necessary to show, whether, in fact, there was any 'incredible bank growth'" and that the additional information requested is not relevant to Plaintiff's claims. Def.'s Opp'n, ECF No. [324], 11-12; Def.'s Sur-Reply, ECF No. [368], 4-5. Defendant further objects because the information requested by Plaintiff is "not public information" and Defendant had "no role in presenting this information to MCB's Board." Def.'s Opp'n, ECF No. [324], 11.

Because, in its termination letter to Plaintiff, MCB stated that Plaintiff's mismanagement of certain loans contributed to the declining quality of MCB's loan portfolio, the redacted financial information contained in meeting minutes as to those loans must be provided. *See* Exhibit 4, ECF No. [346-5], 1 (stating Plaintiff's mismanagement of the JFOV, St. John Equity Partner, Actium, and Oceanside Village loans contributed to the declining quality of MCB's loan

---

[8] Defendant also provided the Court with a corrected notice of this supplement as an exhibit to its sur-reply to Plaintiff's motion for production of Defendant's financial records. Def.'s Sur-Reply, ECF No. [368], 5 & Exhibit 3.

portfolio).[9] Simply because this financial information is confidential does not mean that it is not relevant and discoverable.[10] Conversely, the additional information that Plaintiff seeks (loan pricing matrix, loan portfolio statistics, review of construction loans that MCB does not accuse Plaintiff of mismanaging) is not relevant to Plaintiff's claims against MCB nor could it reasonably lead to relevant information that would "establish that Defendant's proffered reasons [for terminating Plaintiff] are pretext," as Plaintiff proffers. Pl.'s Reply, ECF No. [352], 4. Similarly, I find discovery of MCB's stock ledger not relevant.[11] Therefore, Plaintiff's motion to compel production of redacted financial information is GRANTED IN PART AND DENIED IN PART.

      V.     Examples of Plaintiff Giving "Sound Advice"

Plaintiff requests all of the information and meeting minutes for any loan or proposal for which he believes he gave "sound advice." ECF No. [310], 3. This information is only relevant if he seeks to prove that he gave "sound advice" on the loans that he is accused of mismanaging. The redactions cited by Plaintiff appear to reference loans other than the ones MCB cited in his termination letter. Therefore, Plaintiff's motion to compel at MCB Bates numbers 876, 879, 881, 884, 899, 913, and 934 is DENIED.

---

[9] MCB may already have given this information to Plaintiff. MCB states in a memorandum in response to a related motion to compel that because it "did not and could not base its decision to terminate Mr. Betea's [sic] employment on each and every loan . . . [with regard the specific loans that MCB contends were improperly managed by Mr. Bethea], MCB has turned over . . . the portions of the minutes of MCB's Loan Committee and Board of Directors meetings . . . in unredacted form." ECF No. [324], 3.

[10] The parties entered into a Confidentiality Agreement on December 2, 2011 (ECF No. [111]). Despite this, on July 17, 2012, Plaintiff, mistakenly, publicly filed many confidential MCB documents related to his motions. Therefore, the parties are reminded that confidential information should not be included in future public filings. If such information will be part of a future filing, the moving party must submit a motion to the Court, *in advance of the deadline*, to request that the documents be filed under seal.

[11] As a shareholder, Mr. Bethea is not precluded from obtaining this information through the process available to all MCB shareholders.

VI. Additional Requests

Plaintiff haphazardly asked this court to compel Defendant to unredact information for numerous additional Bates numbers. After careful consideration, I DENY Plaintiff's requests at the following Bates numbers because they are not relevant to Plaintiff's cause of action: 867, 868 (including the loan file), 869, 1019, 1380, and 1381.

## Conclusion

In sum, Plaintiff's Motion to Compel will be granted in part and denied in part. The parties are encouraged to make greater efforts to resolve discovery disputes in the future, keeping in mind the Court's ruling on the present motion as guidance.

It is so Ordered.

Dated: October 31, 2012

BY THE COURT:

*(signature)*
Donetta W. Ambrose
Senior Judge, U.S. District Court