IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS

| | | |
|---|---|---|
| JIMMY BETHEA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No.  11-51 |
| | ) | |
| MERCHANTS COMMERCIAL BANK, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

AMBROSE, U.S. Senior District Judge

## OPINION
## AND
## ORDER OF COURT

Plaintiff Jimmy Bethea filed a Motion to Compel Defendants Tom Bolt and BoltNagi, P.C. to (i) produce an adequate privilege log and (ii) supplement their responses to discovery. Pl.'s Mot., ECF No. [307].  Mostly, Plaintiff challenges Defendants' claim of attorney-client privilege in response to discovery requests.  Defendants filed an opposition to Plaintiff's motion at ECF No. [320].  Plaintiff also submitted a reply at ECF No. [361] and Defendants a sur-reply at ECF No. [355].  After careful consideration of Plaintiff's briefs and Defendants' responses, I find the following:

1.     Plaintiff's motion to compel as to Interrogatory Nos. 2 and 19 is DENIED as not relevant.

1

2.      Plaintiff's motion as to Demand No. 14 is DENIED.   When Defendant Bolt responded to Plaintiff's request, he stated that he is "unaware of any such documents or communications."  *See* Pl.'s Mot., ECF No. [307], 12.   Defendant cannot be compelled to produce documents for which he has no knowledge of their existence.

3.      Plaintiff's motion to compel as to Interrogatory No. 10 is GRANTED IN PART AND DENIED IN PART.   Defendant Bolt is compelled to answer Plaintiff's request for the amount, terms, and conditions of any loans and/or credit (including collateral) where Defendant has an ownership interest in Merchants Commercial Bank ("MCB").   However, I find Defendant's payment record for such credit and loans not relevant nor calculated to lead to the discovery of relevant information; therefore, Plaintiff's motion to compel Defendant's payment record is denied.

4.      Plaintiff's motion to compel as to all other Interrogatories and Demands included in his motion at ECF No. [307][1] is GRANTED insofar as Defendant is Ordered to produce an adequate privilege log that comports with Federal Rule of Civil Procedure 26(b)(5).[2]   Like Plaintiff, I am unable to assess Defendants' claim of attorney-client privilege in response to these requests because the "summary privilege log" Defendants provided to Plaintiff is wholly inadequate.

I am not persuaded that production of a "summary privilege log," such as the ones produced by Defendants, comports with Rule 26.  *See* Defs.' Opp'n, ECF No. [320], Exhibit B (Defendants' summary privilege logs).   First, the case law provided by Defendants in support of

---

[1] Plaintiff seeks supplemental discovery for Interrogatory Nos. 3, 4, 7, 8, 13, 14, 15, 16, and 20.  Plaintiff also requests that Defendant Bolt produce responsive documents for Demand Nos. 1, 2, 4, 5, 6, 7, 11, 12 and Defendant BoltNagi, P.C. as to Demand Nos. 3, 4, and 7.

[2] When a party withholds information that is otherwise discoverable due to a claim of privilege, Rule 26 *requires* the withholding party to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

a "summary privilege log" is not binding on this Court.[3]  Second, I disagree with Defendants' interpretation of the Advisory Committee Notes for the 1993 Amendments to Rule 26.  *See* Defs.' Opp'n, ECF No. [32], 18.  The Advisory Committee acknowledges that a detailed privilege log could be "unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories," however; the Committee explains that when a responding party has a good faith belief that a broad discovery request would be unduly burdensome, the party should object to the breadth of the response but still "*describe* those withheld under the claim of privilege" in a log.  Fed. R. Civ. P. 26(b)(5) advisory committee's note.  The Committee's example is particularly instructive because it discusses a hypothetical request to produce documents of a particular type from a twenty year period and advises the responding party to object to the breadth of the request but to produce either the documents or a descriptive privilege log for the number of years for which the request is not unduly burdensome (in their hypothetical, three years).  *Id.*  In other words, the Committee does not contemplate that a responding party can comply with Rule 26(b)(5) merely by lumping summaries of voluminous but privileged materials into a one-to-two page, categorized list. Rather, the responding party must identify a time period for which it believes production is reasonable, and produce documents and/or a descriptive privilege log for those items claimed to be privileged during that period of time.[4]  *See id.*

Lastly, in this circuit, a categorical privilege log may be permissible only where the responding party has established undue burden with specificity.  *See Tyco Healthcare Group LP*

---

[3] Defendants rely on a local rule from the District of Maryland and a case from the Southern District of Indiana: *Eli Lilly and Co. v. Valeant Pharm. Int'l*, No. 08-1720; 2011 WL 691982 (S.D. Ind. Feb. 15, 2011).  In *Valeant Pharm.*, the district court upheld a Magistrate's decision to allow Eli Lilly to claim privilege with regard to documents responsive to one request without a privilege log because the court deemed the request tenuous to the core issues of the case and Eli Lilly had already produced over 300,000 documents in the case.
[4] Moreover, while an unduly burdensome time span for document production will be case specific, I also find it instructive that the Advisory Committee's example found three years to be reasonable.

3

*v. Mutual Pharm. Co, Inc.,* No. 07-1299, 2012 WL 1585335 (D.N.J. May 4, 2012) (refusing to relieve a party from creating a document-by-document privilege log per Rule 26(c) without an explanation for why a production of potentially less than 3,000 documents would be unduly burdensome); *Northwood Nursing & Convalescent Home, Inc. v. Continental Ins. Co.*, 161 F.R.D. 293 (E.D. Pa. 1995) (refusing to relieve Plaintiffs of their Rule 26(b)(5) duties where Plaintiffs did not make an 'undue burden' argument with any level of specificity). Here, Defendants failed to articulate explicitly why production of an itemized and descriptive privilege log is unduly burdensome. *See* Defs.' Opp'n, ECF No. [320], 17-19. Defendants cannot refuse to comply with Rule 26 simply because they find compliance with the Rule onerous. Defendants must produce only that which is responsive and, in this employment discrimination case, I doubt that the responsive materials from the relevant six years requested is so voluminous that it would be "unduly burdensome" for Defendants to produce a descriptive privilege log for the items claimed to be privileged.[5] *See* Defs.' Opp'n, ECF No. [320], 18 (stating Defendants' files span six years).

Accordingly, Defendants are Ordered to produce detailed privilege logs per Rule 26(b)(5) by November 14, 2012.[6] After reviewing Defendants' revised privilege log, if Plaintiff still believes that Defendants should supplement their discovery responses, in compliance with Rule 37 of the Local Rules of Civil Procedure of the District Court of the Virgin Islands, the parties must meet and confer with the goal of resolving the dispute themselves. I Order that this must be done in person, no later than November 21, 2012. Lastly, I advise the parties to look to my

---

[5] Additionally, Defendants state that a detailed privilege log is untenable because "[i]t is also unlikely that the court would be in a position to do an *in camera* review of the voluminous document accumulation of the bank's general counsel . . . ." On the contrary, "[p]roviding information [a description] pertinent to the applicability of the privilege or protection should reduce the need for in camera examination of the documents." Fed. R. Civ. P. 26(b)(5) advisory committee's note.

[6] I do not find that Defendants have waived any privileges due to the production of insufficient privilege logs.

4

rulings on this and Plaintiff's other motions to compel as a guide when discussing any future discovery disputes.[7]

For the foregoing reasons, Plaintiff's motion to compel is granted in part and denied in part.

It is so Ordered.

Dated: October _3/_, 2012

BY THE COURT:

Donetta W. Ambrose
Senior Judge, U.S. District Court

---

[7] The parties should be aware that because this is a federal question case that also raises state law claims, I must apply federal privilege law. Fed. R. Evid. § 501; *HPD Laboratories, Inc. v. Clorox Co.*, 202 F.R.D. 410 (D.N.J. 2001) (citing *WM. T. Thompson Co. v. Gen. Nutrition Corp., Inc.*, 671 F.2d 100, 104 (3d Cir. 1982)).