IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS

| | |
|---|---|
| JIMMY BETHEA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 11-51 |
| MERCHANTS COMMERCIAL BANK, et al., | ) ) ) ) |
| Defendants. | ) |

AMBROSE, U.S. Senior District Judge

**ORDER**

Pending before the Court is Plaintiff's Motion to Amend the Second Amended Verified Complaint. ECF No. [493]. Defendants object to most of Plaintiff's proposed amendments and filed Briefs in Opposition. ECF No. [500] (by Tom Bolt and BoltNagi, P.C.) & ECF No. [501] (by Merchants Commercial Bank ("MCB")), and James Crites, Anette Williams, William B. Cashion, I. Steven Simon, J. David McCay, Thomas J. Johnson, B. Waring Partridge, and Michael B. Burgamy (collectively "MCB Defendants")). Plaintiff also petitions the Court to allow him to file a Reply Brief *nunc pro tunc*. ECF Nos. [508] (Reply Brief) & [512] (motion for leave to file). Defendants request the Court to strike Plaintiff's Reply as untimely. ECF Nos. [509], [511] (motion at Docket No. 110 re-filed with proposed order), & [513] (Tom Bolt and BoltNagi, P.C.) & ECF No. [510] (MCB). Plaintiff filed an opposition. ECF No. [514]. Despite Plaintiff's filing of his Reply without leave of Court, I will allow it, and therefore GRANT the motion at ECF No. 512 and DENY the motions at ECF Nos. 510 and 511.[1]  Also, after careful

---

[1] Plaintiff asserts he "inadvertently filed the [Reply] brief without acknowledging that the specific rules of Judge Ambrose provide that no reply briefs are allowed without leave of Court." ECF No. 512. Although permitted in this

1

consideration, Plaintiff's Motion to Amend, ECF No. 493, is GRANTED IN PART AND DENIED IN PART as follows:

1. The dismissal of Defendants Anette Williams, Thomas J. Johnson, and B. Waring Partridge is granted without prejudice. However, Plaintiff is reminded that if, at any point, he seeks to bring these persons back into the case, he must establish good cause.

2. Plaintiff's motion to amend the Complaint to allege a breach of good faith and fair dealing at Count II of the Third Amended Verified Complaint is granted.

It is within the Court's discretion to allow amendments to the Complaint, and Rule 15 of the Federal Rules of Civil Procedure provides that a district court should "freely give leave [to amend] when justice so requires." *See also Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). Unlike Count III of his Second Amended Verified Complaint, ECF No. 116, Plaintiff now alleges breach of the implied duty of good faith and fair dealing based on Mr. Bethea's at-will employment with MCB. ECF No. 493-1, ¶ 142; *cf.* Pl.'s Second Amend. Compl., ¶ 124 (alleging breach of duty of good faith and fair dealing because "Defendant's written offer of employment and Plaintiff's acceptance thereof constituted an enforceable contract and was supported by valid consideration it, therefore, imposed upon Defendant an implied duty of good faith and fair dealing."). It is undisputed that Mr. Bethea's employment with MCB was "at will." Statement of Undisputed Facts, ECF No. 37-1, ¶ 12 (on November 27, 2006 and December 17, 2009 Mr. Bethea signed acknowledgments of his "at-will" employment status).

---

instance, no further latitude will be given. Henceforth, all parties must comply with all Chamber Rules and Scheduling Orders entered by the Court or the filing will be stricken.

Although the Supreme Court of the Virgin Islands has not addressed the issue, Virgin Islands courts recognize a cause of action for breach of good faith and fair dealing in an at-will employment situation. *See Fraser v. Kmart Corp.*, Civil No. 2005-0129, 2009 WL 1124953, at *15 (D.V.I. Apr. 24, 2009); *Smith v. V.I. Water & Power Auth.*, Civ. Action No. 004-148, 2008 U.S. Dist. LEXIS 95852, at *24 (D.V.I. Nov. 24, 2008); *see also Desir v. Hovensa, L.L.C.*, Civil No. 207/97, 2012 WL 762122 (D.V.I. Mar. 7, 2012); *Prentice v. OfficeMax North America*, No. 9-5, 2012 WL 898323, at *2 (D.V.I. Mar. 15, 2013). *But see Green v. V.I Water and Power Auth.*, 2011 WL 3032466, at *12 (D.V.I. July 12, 2011) (finding an at-will employee relationship but dismissing duty of good faith and fair dealing claim despite relying on *Marcano v. Cowpet Beach Resort*, Civ. No. 570/1990, 1995 WL 217600 (Terr. Ct. V.I. Mar. 9, 1995) wherein the territorial court stated: "The Virgin Islands recognizes a cause of action for breach of good faith and fair dealing in an at-will employment situation."). Because amendments to a complaint are to be freely given, and I find the addition of this claim does not prejudice Defendants, I will allow Plaintiff to amend the Complaint to include a claim of breach of implied duty of good faith and fair dealing based on Mr. Bethea's at-will employment status.

At this juncture, the Court makes no findings on the legal sufficiency of Plaintiff's claim and Defendants are free to challenge it on Summary Judgment. I also find that Defendants have not demonstrated that this proposed amendment necessitates or warrants additional discovery.

3. Plaintiff's motion as to paragraphs 98-102 of the proposed Third Amended Complaint is granted. Defendants do not object to the factual changes proposed by Plaintiff,

3

merely that Plaintiff should have made this amendment sooner because he learned of the information during a deposition taken on May 7, 2012. *See* MCB and MCB Defendants' Response, ECF No. 501, 3-4; Tom Bolt and BoltNagi, P.C.'s Response, ECF No. 500, 11-13. I find this to be a minimal amendment to conform the Complaint to the evidence obtained during discovery; therefore, there is no prejudice to Defendants.[2] Accordingly, no additional discovery is warranted.

4. As to all other proposed amendments, Plaintiff's motion is denied. Although Plaintiff submits that he moves to amend his Complaint to conform to the evidence in the case, Defendants disagree, arguing that the proposed amendments add additional allegations that Plaintiff should have been aware of when he commenced this action two years ago and some of which contradict statements Plaintiff has made in prior filings. If the claims alleged in the Third Amended Complaint "are in support of already existing causes of action and . . . have been made simply to conform the Complaint to the facts revealed during discovery," as Plaintiff submits, then the existing Complaint is sufficient and Plaintiff's proposed amendments are unnecessary. *See* Pl.'s Reply, ECF No. 508, 5. Fact discovery has closed, and the remaining proposed amendments are untimely and prejudicial to Defendants.

Therefore, on this 4th day of June, 2013, after careful consideration of the submissions of the parties, it is Ordered that Plaintiff's Motion to Amend the Complaint (ECF No. 493) is granted in part and denied in part as set forth more fully, *infra*. Plaintiff is Ordered file a Fourth Amended Complaint reflecting the granted amendments on or before June 10, 2013.

---

[2] The proposed amendments at paragraph 103 and 106 are denied. Unlike the allegations at paragraphs 98-102, Defendants object that these amendments seek to add additional allegations. *See* ECF Nos. 500, 11-13 & 501, 3-4.

4

BY THE COURT:

*Donetta F. Ambrose*
Donetta W. Ambrose
Senior Judge, U.S. District Court