IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS

| | |
|---|---|
| JIMMY BETHEA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.   11-51 |
| | ) |
| MERCHANTS COMMERCIAL BANK, et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, U.S. Senior District Judge

**<u>OPINION</u>**

**<u>AND</u>**

**<u>ORDER</u>**

Pending before me is a *Daubert* Motion to Exclude Testimony of Edward McConnell brought by Defendants Merchants Commercial Bank ("MCB"), James E. Crites, William B. Cashion, I. Steven Simon, J. David McCay, and Michael B. Burgamy (collectively "Defendants"). ECF No. [598]. Defendants filed a brief in support of their motion, ECF No. [599]. Plaintiff Jimmy Bethea filed a brief in opposition, ECF No. [608], to which Defendants replied at ECF No. [616]. When I set the briefing schedule for Defendants' *Daubert* motions, both sides indicated that a hearing on the motions was not necessary and that I could decide the *Daubert* motions based solely on the parties' briefs. ECF No. [556]. However, within his brief, Plaintiff requests a hearing. Given both parties' prior averments and having carefully reviewed the parties' submissions, I find that a *Daubert* hearing is unnecessary because my ruling does not

1

turn on factual issues. *See Elcock v. Kmart Corp.*, 233 F.3d 734, 750 (3d Cir. 2000) (citing *Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 417-18 (3d Cir. 1999)).

## I. Applicable Legal Standards

### A. Federal Rules of Evidence 401 and 403

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. In turn, relevant evidence will be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. "Rule 403 authorizes a district court in its broad discretion to exclude collateral matters that are likely to confuse the issues." *United States v. Casoni*, 950 F.2d 893, 919 (3d Cir. 1991). The inquiries under Rules 401 and 403 are fact-intensive, and context-specific. *Sprint v. Mendelsohn*, 552 U.S. 379, 388 (2008).

### B. *Daubert* and Federal Rules of Evidence 702

In *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), the Supreme Court held that:

> [f]aced with a proffer of expert scientific testimony, . . . the trial court judge must determine at the outset . . . whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

509 U.S. at 592-93. More recently, in *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999), the Supreme Court clarified any confusion regarding the intended reach of the *Daubert* decision, by declaring that the trial judge must perform this "basic gatekeeping obligation" to *all*

expert matters, not just "scientific" matters. In the Third Circuit, the trial court's role as a "gatekeeper" announced in *Daubert* requires proof that: (1) the proffered witness is qualified as an expert; (2) the expert must testify about matters requiring scientific, technical, or specialized knowledge; and (3) the expert's testimony must "fit" the facts of the case. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741-42 (3d Cir. 1994). Thus, pursuant to *Daubert*, the gatekeeping function requires the court to ensure that the expert testimony is both reliable and relevant. *Daubert*, 509 U.S. at 589; *Kumho Tire Co.*, 526 U.S. at 147.

As to the first requirement—qualification—the Court of Appeals for the Third Circuit has "eschewed imposing overly rigorous requirements of expertise and [has] been satisfied with more general qualifications." *Paoli*, 35 F.3d at 741. "Rule 702's liberal policy of admissibility extends to the substantive as well as the formal qualification of experts." *Id.* Thus, an expert can qualify based on a broad range of knowledge, skills, training and experience.

The second inquiry focuses on methodology. The inquiry into methodology is designed to ensure that an expert's opinions are based upon "'methods and procedures of science' rather than on subjective belief or unsupported speculation; the expert must have 'good grounds' for his or her belief." *Id.* at 742. Factors used to assess reliability may include whether: (1) the theory or technique can be tested; (2) the theory or technique has been peer reviewed; (3) there is a high rate of known or potential error; (4) there are standards or controls; (5) the theory is "generally accepted"; (6) there is a sufficient relationship between the technique and methods which have been established to be reliable; (7) the expert's qualifications are sufficient; and (8) the method has been put to non-judicial uses. *See Magistrini v. One Hour Martinizing Dry Cleaning*, 180 F. Supp. 2d 584, 594 (D.N.J. 2002), *aff'd*, 68 Fed. Appx. 356 (3d Cir. 2003). "Some courts also consider additional factors relevant in determining reliability, including: (i) whether the expert's

proposed testimony grows naturally and directly out of research the expert has conducted independent of the litigation . . .; (ii) whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion . . .; (iii) whether the expert has adequately accounted for alternative explanations . . .; (iv) whether the expert is being as careful as he would be in his professional work outside of the litigation context . . .; and (v) whether the field of expertise asserted by the expert is known to reach reliable results for the type of opinion proffered by the expert . . . ." *Id.* at 594-95 (citations omitted); *see also Cuffari v. S-B Power Tool Co.*, 80 Fed. Appx. 749, 751 (3d Cir. 2003) ("In short, trial courts should determine whether the expert's conclusion is based on valid reasoning and reliable methodology.").

Although this list of factors is lengthy, not each factor will be relevant to every reliability analysis. The "test of reliability is 'flexible.'" *Kumho*, 526 U.S. at 141. According to the Supreme Court, "*Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts." *Id.* The relevance of the *Daubert* factors depends "on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Id.* at 150 (internal quotation marks and citations omitted).

Finally, *Daubert* and Rule 702 require that the expert's testimony "fit" the facts of the case. "'Fit' requires that the proffered testimony must in fact assist the jury, by providing it with relevant information, necessary to a reasoned decision of the case." *Magistrini*, 180 F. Supp. 2d at 595 (citing *Paoli*, 35 F.3d at 743).

With these standards in mind, and after careful consideration of the submissions of the parties, Defendants' *Daubert* motion at ECF No. 598 is denied.

**II. Defendants' Motion**

Plaintiff offers Edward McConnell ("McConnell") as a risk management expert in the banking industry. Pl.'s Br. 10. Defendants ask me to exclude McConnell's evidence in its entirety. Def.'s Br. 3.

Defendants first ask me to strike McConnell's testimony and report because he did not execute a Confidentiality Agreement in accord with the one entered into between the parties. Def.'s Br., ECF No. 599, 3-5. Defendants assert that this alleged violation "taints" McConnell's testimony. *Id..* at 5. Plaintiff counters with affirmations by McConnell and Plaintiff's attorney that when given information on this case by Plaintiff's counsel, McConnell was informed that it was confidential, and that he treated it as such. Pl.'s Br., ECF No. 608, 14 & Exhibits 7 & 8. Defendants accuse McConnell of executing the affidavit in an effort to alter his sworn deposition testimony to avoid its exclusion by the court. Def.'s Reply, ECF No. 616, 1-2. Defendants do not assert a rule or applicable law providing for exclusion of an expert for violations of a protective order. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, "[t]he Court has broad discretion in imposing sanctions." *Jarvis v. Premuda*, Civ. No. 2005/0077, 2007 WL 4969426 (D.V.I. July 18, 2007) (internal citation omitted). In *Meyers v. Pennypack Woods Home Ownership Ass'n*, the Third Circuit instructed courts to weigh the following factors when considering exclusion of evidence:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which [allowing the testimony and/or evidence] would disrupt the orderly and efficient trial of the case or of other cases in the court; and (4) bad faith or willfulness . . . .

*Id.* (citing *Meyers*, 599 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1977)). Accordingly, because (i) exclusion

of an expert is an extreme sanction, (ii) McConnell affirms that he knows that the materials he reviewed are confidential, he was informed they were confidential upon receipt, and he has not disclosed the information, and (iii) Defendants have shown no prejudice due to any alleged violation of the protective order nor any bad faith or willful disregard of the court's protective order by Plaintiff, I will not exclude McConnell's report or testimony on this basis.

Defendants further object to McConnell's qualifications, methodology, and fit. Defendants submit that McConnell is not a qualified expert in this case because he lacks knowledge of the banking industry, the real estate industry, the economy, and the construction industry in the Virgin Islands. Def.'s Br. 5-8. However, I decline to construe the qualification requirement so narrowly. I find that McConnell's curriculum vitae and deposition testimony establish that McConnell has sufficient expertise in the areas of banking and risk management. ECF No. 627-3; ECF No. 627-4, Def. Ex. 3. Defendants' objection is not grounds for *Daubert* exclusion. Rather, Defendants may explore this issue on cross-examination.

Defendants also argue that McConnell failed to utilize reliable methodology because he did not consult "any banking or other publications." Def.'s Br. 9-12. Defendants argue that McConnell improperly relied solely on his experience. *Id.* at 11-12. I disagree. "Experts are not permitted to engage in a 'haphazard, intuitive inquiry,' but must explain the research and methodology they employed in sufficient detail in order to allow the other party's expert to test that hypothesis." *Hartle v. FirstEnergy Generation Corp.*, Civ. Nos. 08-1019, 08-1025, 08-1030, 2014 WL 1317702, at \*2 (W.D. Pa. Mar. 31, 2014) (citing *Oddi v. Ford Motor Co.*, 234 F.3d 136, 156 (3d Cir. 2000)). "As long as an expert's scientific testimony rests upon good grounds, based on what is known, it should be tested by the adversary process—competing expert testimony and active cross-examination . . . ." *Id.* at \*3 (internal quotation marks and

citations omitted). When asked to explain his methodology, McConnell explained how he relied on his experience of the banking industry vis-à-vis the national economy during the relevant time period. *E.g.*, McConnell Dep. 63:20-25, 64:6-10, 65:24-25, 66:1-25, 67:1-23; 76: 13-25, 77:1-10, 80:22-25, 81:1-22, 83:11-23. McConnell further explained that he also used bank reports from the FDIC's website to conduct peer review and assess how MCB compared to other financial institutions with similar assets. *Id.* at 57:19-24, 58:8-10, 124:6-7 & 13-25, 125:1-16. Accordingly, I find that McConnell's methodology is sufficiently reliable and Defendants may challenge it at trial.

Defendants further argue that McConnell's evidence will not aid the trier of fact because "the opinions that McConnell proposes to offer are not the product of any expertise." Def.'s Br. 13. Defendants claim that McConnell is not an expert in the field of human resources, that he lacks personal knowledge about MCB, its loan portfolio, and its lending relationships, and that his testimony is unnecessary and impermissible because the facts are within the ken of the lay juror. Def.'s Br. 13-21. I disagree. As explained above, I find that McConnell's background and experience in banking would assist the trier of fact in understanding the primary facts of this case. Defendants' arguments relate more to the weight than the admissibility of evidence and the issues may be addressed on cross-examination.

Lastly, Defendants submit that I should exclude McConnell's report and testimony as unfairly prejudicial under Rule 403 because he will opine that Mr. Bethea was terminated for reasons other than his job performance and that the reasons were a pretext for some unlawful justification. Def.'s Br. 19-20; Def.'s Reply 5. Federal Rule of Evidence 704(a) allows an expert witness to give testimony that embraces an ultimate issue to be decided by the trier of fact, but does not permit him to render a legal opinion. Accordingly, I agree that McConnell may not

opine that the given reasons for Mr. Bethea's termination were pretext.  He also may not opine on whether MCB's reasons for terminating Mr. Bethea were "well-founded and justifiable" or whether they are "supported by the record."  Pl.'s Br. 3; *E.g.,* McConnell Report 2 (stating: "In my opinion a 15% miss on the loan goal target should not be grounds for termination under the economic circumstances at that time.").  Such conclusions are reserved for the trier of fact.

Moreover, McConnell may not state an opinion that "simply recapitulate[s] the trial evidence and express[es] an opinion based on that evidence and on his judgment of witness credibility."  *Jerome v. Water Sports Adventure Rentals and Equipment, Inc.,* Civ. No. 2009-92, 2013 WL 1568539, at *4 (D.V.I Apr. 15, 2013) (internal citations and quotation marks omitted).  For example, McConnell may not opine that because Mr. Wicker of Nexity affirms that he never had any problems with Mr. Bethea's underwriting, MCB's criticism of Mr. Bethea's competencies with respect to loan underwriting was improper.

McConnell may offer evidence and testimony that will assist the trier of fact in understanding technical banking terms and processes, and he may opine on Mr. Bethea's job performance and actions undertaken by MCB vis-à-vis industry standards and based on his personal experience in the banking industry.

Any portions of McConnell's report that do not comport with this opinion are excluded.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS

| | |
|---|---|
| JIMMY BETHEA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11-51 |
| | ) |
| MERCHANTS COMMERCIAL BANK, et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, U.S. Senior District Judge

**<u>ORDER</u>**

AND NOW, this 14th day of May, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Exclude Testimony of Edward McConnell by Defendants Michael B. Burgamy, William B. Cashion, James E. Crites, J. David McCay, Merchants Commercial Bank, and I. Steven Simon (ECF No. 598) is denied. McConnell's testimony is limited, as stated in the body of the Opinion.

BY THE COURT:

/s/ Donetta W. Ambrose_____
Donetta W. Ambrose, Sr. U.S. Dist. Judge