IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JIMMY BETHEA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11-51 |
| | ) |
| MERCHANTS COMMERCIAL BANK, et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, U.S. Senior District Judge

**OPINION
AND
ORDER OF COURT**

Defendants Merchants Commercial Bank ("MCB" or "Bank"), James E. Crites, William B. Cashion, I. Steven Simon, J. David McCay, and Michael B. Burgamy (collectively, the "MCB or Bank Defendants"), filed, under seal, a motion for sanctions pursuant to 28 U.S.C. § 1927 (ECF No. [661], accompanying brief at ECF No. [662]) alleging Plaintiff's counsel unreasonably and vexatiously multiplied the proceedings when filing Plaintiff's Counterstatement of Facts (ECF No. [632]). Defendants allege that the Counterstatement: (1) is vexatiously lengthy, (2) does not refer to precise portions of the record; (3) improperly duplicates the MCB Defendants' Statement of Facts; (4) is internally redundant; (5) is replete with improper argument; (6) improperly characterizes the evidence; (7) includes facts that are irrelevant under applicable law; and (8) is unsupported by the record. Defs.' Br. 1. Plaintiff filed a Response in Opposition at ECF No. [664] which included an affirmation by attorney Rhea R. Lawrence, the attorney who

1

worked as part of the team at Rohn and Associates in filing the Counterstatement of Facts on behalf of Plaintiff. ECF No. [664-1]. Having already disposed of Defendants' motion for summary judgment (ECF No. [669]), Defendants' motion for sanctions is ripe for review. After careful consideration, I deny Defendants' motion.

> Section 1927 of Title 28 provides:
>
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (West 2014). "The principle purpose of sanctions under § 1927 is the deterrence of intentional and unnecessary delay in the proceedings." *Illaraza v. HOVENSA, L.L.C.*, Civ. Action Nos. 2008-0059 & 2007-0125, 2012 WL 1153283, at * 4 (D.V.I. Mar. 31, 2012) (quoting *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 297) (internal citations and quotations omitted). Sanctions ordered pursuant to § 1927 require " 'a finding of willful bad faith, not merely a showing of objectively unreasonable conduct.' " *Id.* (quoting *Administrator-Benefits for ExxonMobil Savings Plan v. Williams*, 2009 WL 5203382, at *3 (D.V.I. Dec. 21, 2009)); *see also Hilburn v. Bayonne Parking Auth.*, 562 Fed. Appx. 82, 86 (3d Cir. 2014) ("[U]nder § 1927 there must be an unreasonable, willful delay of proceedings that increase costs, done in bad faith or by intentional misconduct."); *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 142 (3d Cir. 2009) ("sanctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal") (internal citation omitted). "In cases where courts have granted Section 1927 sanctions, bad faith is usually apparent and egregious." *Trustee of Bankruptcy Estate of Monique Faulkner v. Dowson Holding Co., Inc.*, 859 F. Supp. 2d 722, 725

(D.V.I. 2012). "While § 1927 authorizes sanctions for misconduct by attorneys, it is a power which the " 'courts should exercise *only* in instances of a *serious and studied disregard for the orderly process of justice.*' " *Williams*, 2009 WL 5203382, at *3 (quoting *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983)) (internal citation omitted) (emphasis in original). "[S]anctions imposed under § 1927 must only impose costs and expenses which result from the particular misconduct." *Id.* (citing *In re Prudential Ins. Co. Am. Sales Practices Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002)).

Boiled to its essence, Defendants' motion accuses Plaintiff's counsel of multiplying proceedings in crafting her Counterstatement of Fact by intentionally and redundantly including improper argument, mischaracterizing the record, and failing to cite precise portions of the record in furtherance of an overall strategy to overwhelm opposing counsel, the Court, and to delay resolution of the case.[1]  *See generally* Defs.' Br., ECF No. 662.  At 1,186 numbered paragraphs, many of which contain multiple statements of fact, Plaintiff's Counterstatement of Facts is indeed lengthy.  *Id.*  While there are several instances where the same exact language from one paragraph is repeated in another, thus needlessly increasing the length of the Counterstatement, I attribute this to careless editing, as I also found some typographical and grammatical errors and editing remarks that counsel failed to remove.  Cosmetic blemishes such as these do not affect the substance of a party's submission and do not support a finding of bad faith.  Additionally, the Counterstatement is packed with argument, and I found several instances

---

[1] Defendants also argue that Judge Lewis's warning to counsel in *Illaraza* is evidence of bad faith here. Defs.' Br. 3 (citing 2012 WL 1153283, at *5).  In *Illaraza,* the court considered but ultimately denied as premature a motion for sanctions pursuant to § 1927 against the same counsel and for reasons similar to those at issue here.  *Id.*  Because the court did not address the merits of the motion for sanctions, I find the *Illaraza* warning to be of a general nature. Moreover, the fact that similar allegations were leveled against Plaintiff's counsel two years earlier does not tip the scale in favor of a finding of bad faith here.

where Counsel drew unreasonable inferences such that her allegedly undisputed assertions were not supported by the evidence. *E.g. compare* ECF No. 632 ¶ 434 (stating: "Crites wasn't disciplined or reprimanded for his role in originating or administering the Ritz-Carlton loans. (Simon Dep. 107-08.)" *with* Simon Dep., ECF No. 628-3 at 106-07 (answering "I don't recall" in response to the question: "Was Mr. Crites in any way disciplined or negatively evaluated for having recommended those [Ritz-Carlton] timeshare loans?"); *see also* Defs.' Br. 17-18. However, I cannot reasonably conclude that counsel's actions were part of a deliberate strategy to mislead the Court and prolong the proceedings because I disagree with Defendants that the voluminous (or according to Defendants, "oppressive") size of Plaintiff's Counterstatement, coupled with some misstatements of fact, ardent argument, and improper citation is tantamount to bad faith. Rather, I find Plaintiff's rambling Counterstatement of Facts evidence of well-intentioned but misplaced zeal exemplifying bad judgment by Plaintiff's counsel. A more concisely worded statement, coupled with precise citations to the record, would have been of greater assistance in my careful review of the record and Plaintiff's arguments.

I also note that I found Defendants' response to Plaintiff's Counterstatement of Facts with the recurrent response of "not material" equally unhelpful. *See generally* ECF No. 659. Moreover, I disagree with Defendants' assertion that "MCB had no alternative but to perform the arduous exercise of pouring [sic] over, and responding in detail to, each and every one of the 1,186 paragraphs in the Counterstatement." Defs.' Br. 18. I have repeatedly told all parties that if a dispute arises, the attorneys together may contact the Court by telephone to resolve the matter *at that time*. This litigation has languished because of the overly voluminous and unnecessary motions practice engaged in by counsel from all parties.

Ultimately, absent a showing of bad faith, I find no merit to Defendants' motion. Accordingly, it is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| JIMMY BETHEA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   11-51 |
| | ) | |
| MERCHANTS COMMERCIAL BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

AMBROSE, U.S. Senior District Judge

## **ORDER**

AND NOW this 17th day of September, 2014, it is Ordered that the MCB Defendants' motion for sanctions based upon vexatious Counterstatement of Facts, ECF No. [661] is hereby DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Court Judge