IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JIMMY BETHEA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11-51 |
| | ) |
| MERCHANTS COMMERCIAL BANK, et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, U.S. Senior District Judge

**Memorandum Opinion
and
Order**

Plaintiff Jimmy Bethea filed a Motion requesting me to certify the issue of whether Virgin Islands common law recognizes the doctrine of compelled self-publication in defamation claims to the Virgin Islands Supreme Court. ECF No. [745]. Defendants BoltNagi, PC ("BoltNagi") and Tom Bolt ("Bolt") (jointly "Attorney Defendants") take no position on the issue as it is inapplicable to the claims remaining against them. ECF No. [747]. Defendants Merchants Commercial Bank, James E. Crites, William B. Cashion, I. Steven Simon, J. David McCay, and Michael B. Burgamy (collectively, the "MCB Defendants" or "Bank Defendants") filed a brief in opposition at ECF No. [748]. Plaintiff sought leave for and filed a Reply at ECF No. [751]. The issue is now ripe for review.

1

By way of background, on September 8, 2015, I issued an Opinion and Order wherein, *inter alia*, I denied summary judgment as to Plaintiff's defamation claim against Defendant James E. Crites based on Bethea's termination letter. ECF No. [669], 46. In my Opinion, I stated that I did not base my decision on Bethea's theory of defamation by compelled self-publication. *Id.* Plaintiff now bases his request for certification on the fact that in so ruling, I also stated that the theory of compelled self-publication is not recognized in the Virgin Islands. *Id*. After careful consideration, I deny Plaintiff's request for certification.

First, I agree with Defendants that Plaintiff's motion is inexplicably delayed. Plaintiff filed his request for certification approximately six months after I issued my Opinion and Order ruling on Defendants' motions for summary judgment. Until now, Plaintiff has never asked for reconsideration, clarification, or certification of the issue. Additionally, Plaintiff chose to not file any motions *in limine*. Further, even if the Virgin Islands Supreme Court would grant expedited consideration of the issue, as suggested by Plaintiff, disruption of the May 11, 2015 trial date, which has already been postposed once due to Plaintiff's inability to comply with deadlines, is far from certain. Under these circumstances, it is understandable that Defendants feel prejudiced by a filing which disrupts their trial preparation and which they view as without merit.

Regardless, I now clarify my ruling at summary judgment and deny Plaintiff's motion to certify. Because there was no evidence that Plaintiff had in fact communicated the allegedly defamatory statements in the termination letter to a third party in the summary judgment record, the publication element of the tort of defamation was not satisfied.[1, 2] Accordingly, even if

---

[1] The Virgin Islands follows the Restatement (Second) of Torts concerning defamation causes of action. *Kendall v. Daily News Publishing Co.*, No. 2010-0046, 2011 WL 4434922, at *2-3 (V.I. Sept. 21, 2011); *Joseph v. Daily News Publishing Co.*, No. 2009-0015, 2012 WL 5419155, at *6-7 & n.10 (V.I. Oct. 31, 2012); *Chapman v. Cornwall*, S.Ct. Civ. No. 2012-0032, 2013 WL 2145092, at *6 (V.I. May 15, 2013). The Restatement (Second) of Torts rejects the doctrine of self-defamation. RESTATEMENT (SECOND) OF TORTS § 577; *See Emery v. Northeast Ill. Reg'l*

recognized, the doctrine of compelled self-publication did not apply,[3] and there was no need for me to conduct a *Banks* analysis to resolve whether the Virgin Islands would apply the theory of compelled self-publication.[4]  Additionally, certification is not warranted because the issue is not "determinative of the cause [now] pending."  V.I. S. Ct. R. 38(a); *see also Banks v. Int'l Rental and Leasing Corp.*, 680 F.3d 296, 298-99 (3d Cir. 2012) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974) and finding certification appropriate where "the outcome of a suit in federal court turns on an unresolved issue of local law").

---

*Commuter R.R. Corp.*, 377 Ill. App. 3d 1013, 1025 (2007) (citing to the Restatement and *White v. Blue Cross & Blue Shield of Mass., Inc.*, 809 N.E.2d 1034, 1036 (Mass. 2004)).

[2] Although Plaintiff now "proffers that the evidence will show that he . . . has been forced to disclose the Bank's reasons for his termination to prospective employers," Plaintiff did not present evidence of this at summary judgment and discovery is now closed.  *See, e.g.,* ECF No. 748-1, 3 (Plaintiff's deposition wherein he states that he has no information that Mr. Cashion has provided any information to outside employers and claiming that if potential employers asked him "what happened in my last job . . . I *would* have to say I was dismissed, and that's an inhibiting factor for trying to become re-employed.") (emphasis added).  Additionally, I agree with Defendants that Plaintiff did not raise the theory in his amended pleadings.  *See* Fourth Amended Complaint, ECF No. 516.

[3] Even in those jurisdictions recognizing the compelled self-publication theory advocated by Plaintiff, *actual* republication to a third party is still necessary to support the publication element of the tort of defamation.  *See, e.g., Dible v. Haight Ashbury Free Clinics*, 170 Cal. App. 4th 843, 854-55 (1st Dist. 2009) (stating: "California cases that have discussed the exception created in [*McKinney v. County of Santa Clara*, 110 Cal. App. 3d 787 (1st Dist. 1980)] have uniformly involved an actual republication.")

[4] Assuming *arguendo* that a *Banks* analysis was necessary, I do not conclude that the Virgin Islands Supreme Court would depart from its established application of the Restatement (Second) of Torts and adopt a theory of defamation by compelled self-publication.  Applying the three-part analysis set forth in *Banks v. Int'l Rental & Leasing Corp.*, 680 F.3d 296, 299 (3d Cir. 2010): (1) I find no instances where the Virgin Islands courts have previously adopted a common law rule departing from the Restatement (Second) of Torts on the element of publication by a defendant for an actionable defamation claim; (2) My review of the cases cited by both parties indicates that the majority of jurisdictions considering the theory of compelled self-publication have rejected the theory, *see, e.g., Emery*, 377 Ill. App. 3d at 1021-26; *see also* cases cited at ECF Nos. 745 at 6 & 748 at 8-9; and (3) I find that the majority rule, rather than the minority approach endorsed by Plaintiff, is the sounder rule for the Virgin Islands because (i) adoption of the doctrine has the potential to stifle communication in the workplace, and (ii) recognition of the doctrine could harm employees who have been terminated for discriminatory reasons (as Bethea also initially alleged).  *See Emery*, 377 Ill. App. 3d at 1028-30; *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 573-75 (Tenn. 1999).  I disagree with Plaintiff that the V.I. Supreme Court's decisions in *Machado v. Yacht Haven U.S.V.I., LLC*, No. 2012-137, 2014 V.I. Supreme LEXIS 51 (V.I. Oct. 16, 2014) and *Rennie v. Hess Oil V.I. Corp.*, No. 2014-0028, 2015 V.I. Supreme LEXIS 3 (V.I. Feb. 6, 2015) are clear evidence that the minority rule is the sounder rule for the Virgin Islands.  *See* ECF No. 745, 4-5.

For all of the foregoing reasons, I now clarify my ruling on summary judgment and deny Plaintiff's request to certify the compelled self-publication issue to the Virgin Islands Supreme Court.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Court Judge

Dated: April 13, 2015